Edward T. Weber, Esq. #194963
Kristi M. Wells, Esq. #276865
**LAW OFFICES OF EDWARD T. WEBER**
17155 Newhope Street, Suite H
Fountain Valley, California 92708
Telephone: 657-235-8359
Facsimile: 714-459-7853
ed@eweberlegal.com

Attorney for Debtor and Movant
JAIME NARITO BIANO

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

JAIME NARITO BIANO,

Debtor.

Case No.: 2:15-bk-21225-RK

Chapter 7

**NOTICE OF MOTION AND MOTION FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION; DECLARATIONS IN SUPPORT THEREOF**

**[11 U.S.C. § 524]**

Date: February 23, 2016
Time: 2:30 p.m.
Place: Courtroom 1675

**NOTICE OF MOTION**

TO THE HON. ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, AND ONEMAIN FINANCIAL, ITS COUNSEL, IF ANY, AND ANY OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT Debtor, JAIME NARITO BIANO ("Movant"), by and through undersigned counsel, hereby does and will move this Court for an Order of Contempt for violating the Discharge Injunction against ONEMAIN FINANCIAL, a Creditor in this

case. A hearing is scheduled for **February 23, 2016 at 2:30 p.m. in Courtroom 1675** of this Court located at **255 East Temple Street, Los Angeles, California 90012.**

If you oppose this motion, you must file and serve a written response no later than 14 days prior to the hearing and appear at the hearing. Failure to do so may result in the relief requested being granted without further notice or hearing.

Be further advised that a hearing on this motion will only be held if the Court grants Debtor's request and issues an Order to Show Cause RE: Contempt which is submitted concurrently herewith.

Dated: December 22, 2015

LAW OFFICES OF EDWARD T. WEBER

Edward T. Weber, Esq.
Kristi M. Wells, Esq.
Attorneys for Debtor
JAIME NARITO BIANO

**MOTION FOR CONTEMPT**

The Debtor seeks sanctions and enforcement of the Discharge against a creditor, ONEMAIN FINANCIAL.

**FACTS AND BACKGROUND**

1.      Movant is Jaime Narito Biano, who is an individual and is the Debtor in the underlying Chapter 7 case.

2.      The Respondent is ONEMAIN FINANCIAL, a business organization, form unknown, which business does business in the State of California, and is a creditor in the underlying Chapter 7 case.  Debtor owed ONEMAIN FINANCIAL a debt for a loan which was due and owing as of the date of the filing of the Chapter 7 Petition in this case.  ONEMAIN FINANCIAL was listed on Schedule F as an unsecured creditor and on the Master Mailing List filed by the Debtor at the outset of the case, such that ONEMAIN FINANCIAL would have received all noticed generated by the Court in this case, including but not limited to, the Notice of Commencement of Case and the Discharge.  The debt was not reaffirmed during the pendency of the Chapter 7 case.

**JURISDICTION AND VENUE**

3.      The Motion for Contempt is brought in connection with the above-entitled Chapter 7 bankruptcy proceeding, 2:15-bk-21225-RK which was filed by the Debtor under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101, et seq.) on July 16, 2015.  A Discharge was entered on October 26, 2015.  The case was closed after the Discharge was entered.  However, the Court reopened the case at the request of the Debtor and entered an Order December 18, 2015.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1334.  The Motion for Contempt is a core proceeding pursuant to 28 U.S.C. §157.

5.      Venue for this action is proper pursuant to 28 U.S.C. §1409 in that it arises from or relates to the above-entitled bankruptcy proceeding filed by the Plaintiff under Chapter 7 of the Bankruptcy Code which is presently pending before the United States Bankruptcy Court for the Central District of California.

///

///

**GENERAL ALLEGATIONS AND FACTS**

6. Debtor commenced the within Chapter 7 case to seek relief from creditors. The Chapter 7 Petition was filed on July 16, 2015. A true and correct copy of the filed Petition is attached hereto as Exhibit "A".

7. On or about July 20, 2015, the Court issued a Notice of Chapter 7 Bankruptcy Case and on or about July 22, 2015mailed it to all of the creditors listed in the Debtor's schedules, including ONEMAIN FINANCIAL. A true and correct copy of that notice along with the Certificate of Notice showing who the notice was mailed to, are attached hereto as Exhibit "B". Since ONEMAIN FINANCIAL was listed on Schedule F with the Debtor's Petition, said creditor was mailed the notice from the Court. This gave the creditor specific notice of the Chapter 7 filing and the existence of the Automatic Stay. The notice gives very specific information and meaning concerning the Automatic Stay, especially including an admonishment that creditors must no longer contact the Debtor.

8. On or about October 26, 2015, the Court issued a Discharge in this case, and thereafter mailed notice to all of the creditors, including ONEMAIN FINANCIAL. True and correct copies of the Discharge and the mailing list are attached hereto as Exhibit "C". The notice provides very specific information and admonishments to creditors about the effect of the Discharge, including that creditors may not attempt to collect a debt by mail after issuance of the Discharge.

9. On at least two occasions, ONEMAIN FINANCIAL was notified directly by the Bankruptcy Court concerning the filing of this bankruptcy case, including the imposition of the Automatic Stay and the issuance of the Discharge.

10. On or about November 2, 2015, ONEMAIN FINANCIAL sent a letter to the Debtor demanding payment. This letter was sent after issuance of the Discharge and after ONEMAIN FINANCIAL would have received notice of the filing and notice of the Discharge. A true and correct copy of that letter is attached hereto as Exhibit "D".

11. On or about November 16, 2015, in response to the letter of November 2, 2015, counsel for Debtor sent a letter to ONEMAIN FINANCIAL concerning its violation of the Discharge Order. This letter was faxed to ONEMAIN FINANCIAL to two different locations with two

different fax numbers, including the location which was listed on the Debtor's schedules and on the mailing list used for the initial notice and the Discharge. No response to that letter has been made to date. True and correct copies of that letter and the fax confirmations are attached hereto as Exhibit "E".

12. Subsequent to November 16, 2015, Debtor received another letter from ONEMAIN FINANCIAL dated November 13, 2015. This letter was also sent to Debtor after notice of the bankruptcy and after notice of the Discharge. A true and correct copy of that letter is attached hereto as Exhibit "F".

13. Despite having been notified at least three (3) different times concerning the bankruptcy filing, i.e. the notice of the initial filing, notice of the Discharge, and counsel's letter of November 16, 2015, on or about December 13, 2015, ONEMAIN FINANCIAL sent to Debtor an account statement and another demand for payment. A true and correct copy of said statement and demand is attached hereto as Exhibit "G".

14. Each and every correspondence by ONEMAIN FINANCIAL made to Debtor referenced above, is a violation of the Discharge. ONEMAIN FINANCIAL received written notice of the commencement of the case, and the Discharge. ONEMAIN FINANCIAL further received separate correspondence from Debtor's counsel concerning the violations and warned ONEMAIN FINANCIAL of the consequences, yet ONEMAIN FINANCIAL still sent another statement to the Debtor demanding payment. It appears the only way to stop ONEMAIN FINANCIAL at this point is for the Debtor to seek a Court Order and/or a Judgment and for Contempt and an award of damages as the result of ONEMAIN FINANCIAL's willful and malicious acts. Any award or judgment should properly include attorney's fees and costs, and any additional sanctions as the Court deems necessary to prevent future violations by this creditor. The acts of the creditor are more egregious than most in this regard as the creditor continues to send correspondence and statements after the Discharge in blatant violation of the Discharge Order, and after being warned separately in writing by counsel. It is obvious ONEMAIN FINANCIAL is "thumbing its nose" at the Court and intends to continue its collections efforts, even after the issuance of Discharge by

this Court. ONEMAIN FINANCIAL should be sanctioned and penalized accordingly. A mere token sanction will not be enough to curtail this behavior. The sanctions in this case should be *substantial*.

15. Two of the three correspondence sent to Debtor after the Discharge did include an attempt by the creditor to recognize the possibility the Debtor may have filed bankruptcy or obtained a Discharge as they contain some sort of a disclaimer. However, the supposed disclaimer states that the correspondence is sent for "compliance" of "informational" purposes only. This is a ruse and is inconsistent with the overall context of the correspondence. The correspondence states that it is "an attempt to collect a debt", and then goes on to say that if a bankruptcy was filed it is for "compliance" and "informational" purposes. But this correspondence was not sent for any "compliance" and there was no other "information" contained in the letters other than what the Debtor owes and the creditor is making a demand for payment. All of the correspondence should be interpreted as a demand for payment in violation of the Discharge Injunction. They were sent for no other purpose, and the least sophisticated consumer, such as the Debtor, would only interpret it as such. The attempted disclaimer fails miserably here.

16. Debtor has to wonder how many Discharge Injunctions have been violated by ONEMAIN FINANCIAL. If they have been as egregious in this case by continuing to try to collect a debt after having been given notice of the Court's Orders and the Discharge Injunction, it is more likely than not the creditor has done this on many other occasions. This creditor is a large company and very popular in the financial services industry and has likely been involved in hundreds, if not thousands, of other bankruptcy cases. If the creditor is not severely punished and its willful and malicious behavior not stopped here, it will likely continue and damage and harm other Debtors, if not so already.

**PROPER REMEDY**

17. The proper legal remedy to enforce the Discharge Injunction is a Motion for Contempt. See *Barrientos v. Wells Fargo Bank, N.A. 633 F.3d 1186 (9th Cir. 2011)*. The Debtor has no private right to bring an adversary or claim for relief to enforce the Discharge Injunction. The

Discharge Injunction is an Order of the Court, and the Bankruptcy Court, specifically, the Bankruptcy Judge who issued the Order, is best equipped to enforce its own Order by using the Contempt powers available to the Court. Therefore, Debtor cannot file an Adversary Complaint, but must file a motion before the Court. In the Order reopening this case entered on December 18, 2015, the Court directed the Debtor to file regularly noticed motion as well as submit an Order to Show Cause to be issued as well. An Order to Show Cause is also submitted concurrently herewith in compliance with the Court's Order.

**DAMAGES, SANCTIONS AND ATTORNEY'S FEES AND COSTS**

18. The Debtor has been harmed by the creditor's actions here. While he has not been "injured" physically, he has suffered a degree of emotional distress. After having sought bankruptcy to relieve the stress he felt of being in debt and having creditors pursue him for unpaid debts, and after believing he was permanently protected by the Discharge Injunction, he was forced to deal with the continued actions of the creditor, and was forced to hire counsel to handle the problem. Even after counsel notified the creditor in writing, the creditor still sent a subsequent notice, and likely will continue to do so unless the Court enters some kind of order against the creditor. The Debtor, who is not very legally sophisticated, believed that he still had to pay the creditor after receiving the recent notice post-discharge. He was in fear that his wages would be garnished or that his bank accounts might be levied or other assets seized. Although he was assured by counsel that would not be the case, the creditor still continues to send demands for payment, leading the Debtor to believe that somehow the bankruptcy was not fully protecting him, and that despite counsel's assurance to the contrary, his legitimate fears and worries continued, necessitating the within motion (and the motion to reopen the case). As a result, not only has he suffered emotionally and mentally, he has also incurred additional legal fees and expenses, all of which are necessary to get the creditor to stop once and for all and to assure the Debtor that the creditor will take no further action, and that the relief he sought by filing bankruptcy in the first place, will continue to remain in place, as it should.

///

///

///

19.   Due to the significant size of the creditor and the possibility that its wrongful actions are more widespread than just this one case, and the severity of the emotional distressed caused to the Debtor and the legal fees and expenses incurred, the Debtor requests that the creditor be penalized as follows:

| | |
|---|---|
| Emotional Distress | $ 10,000.00 |
| Attorney's Fees and Costs | $  7,500.00 |
| Sanction/Penalties | $ 20,000.00 |
| **TOTAL** | **$ 37,500.00** |

WHEREFORE, Debtor requests that this motion be granted, that ONEMAIN FINANCIAL be found in Contempt of the Discharge Injunction, and that ONEMAIN FINANCIAL be ordered to pay damages, sanctions, and attorney's fees and costs, in an amount sufficient to once and for all force the creditor to stop collecting on the old debt, and to comply with the Discharge Injunction, but in an amount no less than $37,500.00, and for such other and further relief as the Court deems just and proper.

Dated:  December 22, 2015                    LAW OFFICES OF EDWARD T. WEBER

Edward T. Weber, Esq.
Kristi M. Wells, Esq.
Attorneys for Debtor
JAIME NARITO BIANO

**DECLARATION OF EDWARD T. WEBER**

I, Edward T. Weber, hereby declare:

1. I am an attorney at law duly licensed to practice in all courts in the State of California and admitted to practice before the United States District Court, Central District of California. The following facts are true and correct as to my own personal knowledge and/or belief, and if called to testify as a witness in Court, I could and would testify competently n such capacity. I am the attorney of record for the Debtor herein, both in the underlying Chapter 7 case and the within motion.

2. I have reviewed the records of the Bankruptcy Court in this case which indicate the case was filed July 16, 2015 and a Discharge was issued October 26, 2015. ONEMAIN FINANCIAL was listed as a creditor on Schedule F and the Master Mailing List. ONEMAIN FINANCIAL was listed on the Court's service list of the Notice of Chapter 7 case and the Discharge, therefore ONEMAIN FINANCIAL had written notice of the initial filing and of the Discharge Order issued by this Court. This information is all contained in Exhibits A through C attached hereto.

3. I have communicated with the Debtor after the Discharge, and he forwarded to me three different written communications to him from ONEMAIN FINANCIAL. Those documents are attached hereto as Exhibits D, F, and G. All of those correspondence were dated and sent after the date of the Discharge Order. I assured the Debtor that ONEMAIN FINANCIAL, as well as all of his other creditors, should not be sending him anything, especially letters or statements which asked for payment and that doing so would be a violation of the Discharge Injunction. However, he did not readily believe me, since these letters were continuing, many months after the bankruptcy was filed, and after the Discharge, and he expressed great fear and anxiety that he still had to pay his creditors, including ONEMAIN FINANCIAL, and that if he did not pay, he would be subject to wage garnishment or other levies or seizures of assets. I continued to assure him that was not the case and that I would assist him making sure this creditor stops their actions, and to make sure no others would do the same. He asked me to take whatever action is appropriate and to make sure the creditor finally stops contacting him once and for all.

4.    On November 16, 2015, I wrote a letter to ONEMAIN FINANCIAL concerning its violations. To date I have not received any response from the creditor. A true and correct copy of that letter and the fax confirmations are attached hereto as Exhibit E. I had hoped that by sending that letter, perhaps the creditor had inadvertently sent it, and that with the threat of consequences for violation of the Discharge, that they would stop. I was prepared, however, to move forward with the legal action as stated in the letter if necessary.

5.    I was amazed when the Debtor sent me the second correspondence, however, it appeared to be sent before my letter was received. It was dated after my letter but was so close in time, it was likely that the letters crossed. In giving the creditor the benefit of the doubt, I held off taking any action, even though I had not heard directly from the creditor in response to my letter one way or another.

6.    I was even more astonished when the December statement was then sent to the Debtor. This statement was clearly sent long after my letter to the creditor. It showed me the creditor had no regard whatsoever for the bankruptcy filing and the Discharge Injunction and that the creditor absolutely appeared to be continuing to collect a debt post-Discharge, after having been notified on more than one occasion. I reviewed my files and the records of the Bankruptcy Court and found that they had been mailed the initial filing notice as well as the Discharge, and then I faxed my letter to them. Yet still, they continued to send these notices and disregard all of that contact. It became clear to me that the only way to stop this creditor would be to reopen this case, and to bring this matter as a Contempt action before the Court.

7.   I have been practicing law since 1998 in California and have regularly practiced consumer bankruptcy in this District, representing both creditors and debtors. Recently, I have seen ONEMAIN FINANCIAL as a "common" creditor in other bankruptcy cases, not just this one. I have seen the name of ONEMAIN FINANCIAL as a major player in the financial services industry. I regularly receive correspondence from ONEMAIN FINANCIAL at my home and at my office addressed to me and clients as well. I believe this is a company of significant size and volume, one that only likely has a great deal of bankruptcy involvement, but one that should know

better than to engage in the conduct such as that alleged herein. ONEMAIN FINANCIAL maintains an internet website at www.onemainfinancial.com. The company has roots in lending that date back to 1912, and currently represents the consolidated and merged efforts of several well-known companies in the financial services industry for many years, including Commercial Credit, Primerica, Smith Barney, Travelers, Citicorp, Citigroup, CitiFinancial, The Associates and Washington Mutual Financial. They claim to have a history of helping consumers, being consumer-friendly and a part of the community. Yet here, they are clearly abusing the rights of the Debtor. A true and correct copy of the website information I obtained is attached hereto as Exhibit "H".

8. ONEMAIN FINANCIAL employs at least 200 employees and maybe as much as 500. Information concerning this data was obtained online at www.glassdoor.com. A true and correct copy of the information I obtained is attached hereto as Exhibit "I".

9. ONEMAIN FINANCIAL was sold in 2015 for a price of $4.25 billion and has had significant revenues and receivables during the last year in the billions of dollars. See Exhibit "J".

10. My current hourly rate for legal services is $250.00.

11. Since I was first contacted by the Debtor post-Discharge, and before I prepared the Motion to Reopen, I expended approximately 3.00 hours speaking to the Debtor, the Debtor's wife, reviewing my files, reviewing the records of the Bankruptcy Court, reviewing the correspondence my client received from ONEMAIN FINANCIAL, and preparing and sending the letter of November 16, 2015 to ONEMAIN FINANCIAL. I spent an additional 8.00 hours researching, drafting, revising, serving and filing the Motion to Reopen, the supporting Declaration, the Notice of the motion, and proposed Order. Since the entry of the Order Reopening this case, I have spent an additional 10.00 hours researching, drafting, revising, serving and filing the within motion and the Order to Show Cause for submission to the Court and the scheduling of a hearing. I anticipate that at a minimum, I will spend at least 7.00 hours more through and including the scheduled hearing, including but not limited to, obtaining the issued Order to Show Cause, giving notice and serving it, monitoring for any opposition or response to the motion or the Order, reviewing any tentative rulings the Court might make in advance of the scheduled hearing, and appearing at the hearing in person in the Court in Los Angeles from my office in Orange County. I also reasonably

anticipate an additional 2.00 hours following the hearing, preparing an Order and submitting it to the Court, serving a Notice of Lodgment, and providing appropriate notice of the Court's ruling concerning the within motion. Accordingly, by the time this motion and heard, I will have expended a total of at least 30 hours on this matter. I do not expect to incur any costs as the Court has not charged any filing fees and I am not charging for copies, paper, phone calls, fax calls, emails, or postage. The total fees incurred will be at least $37,500.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of December, 2015 at Fountain Valley, California.

Edward T. Weber

**DECLARATION OF JAIME NARITO BIANO**

I, Jaime Narito Biano, hereby declare:

1. I am over the age of 18 years. The following facts are true and correct as to my own personal knowledge and/or belief, and if called to testify as a witness in Court, I could and would testify competently n such capacity. I am the Debtor in this case.

2. I had decided to file for bankruptcy earlier this year as I was in a lot of debt and I could not pay. The creditors were harassing me constantly and threatening to take me to Court, garnish my wages and seize my assets. One creditor actually did file a civil lawsuit against me. I was very stressed. I was not able to sleep and it was affecting my work and my family life.

3. Once I had received the Discharge in this case, I was feeling better and I believed I was able to get back on my feet without the stress and problems all of the debt had caused me.

4. However, shortly after I received the Discharge in this case, I began receiving letters and a statement from ONEMAIN FINANCIAL. The first letter I received was dated November 2, 2015 and is shown in Exhibit "D" herein. I contacted my attorney, Mr. Weber about it. I had thought that creditors were not allowed to contact me anymore after the Discharge. I was afraid that for some reason, I still had to repay ONEMAIN FINANCIAL and that if I did not, that they might sue me like the other creditor had done. This was very upsetting. I was just getting back on my feet, and now all of the sudden this creditor was asking me for money. Mr. Weber assured me they could not do that, but they had. Mr. Weber continued to assure me that they should not be sending anything to me and that he would write then a letter about it. The letter he sent is shown as Exhibit "E" herein.

5. Right after Mr. Weber sent the letter of November 16, 2015, I received another letter from ONEMAIN FINANCIAL. This is shown as Exhibit "F" herein. While it was received after Mr. Weber had written the letter, it was dated before Mr. Weber's letter. Therefore, I believe ONEMAIN FINANCIAL sent that letter before they received Mr. Weber's letter.

6. Sometime in mid-December 2015, I received a statement from ONEMAIN FINANCIAL in the mail dated December 13, 2015. This would have been almost a month since

Mr. Weber's letter was sent. So I thought for some reason that even though they had received Mr. Weber's letter, and all of the other notices in the bankruptcy case, that they did not have to honor the bankruptcy for some reason, that I still owed them and that they were wanting me to pay. The notice discussed "flexible payment options" and that they wanted me to call them or stop by their office "today". This made me think I had to do something right away or there would be adverse consequences. I was really scared and afraid that if I did not pay them, they would take me to Court and try to garnish my wages or take other action against me. I thought that since Mr. Weber had sent the letter and that they still sent this statement that for some reason I still had to pay them. The stress that I had felt before I filed for bankruptcy has returned and I am very worried that I filed bankruptcy for no reason, and that not only ONEMAIN FINANCIAL will come after me but other creditors too. Mr. Weber again assured that is not the case but that further action would have to be taken to stop them. I asked Mr. Weber to take whatever action is necessary. He explained to me that since the bankruptcy case was closed, that it first had to be reopened and that a motion had to be filed before anything could be done, and that once the bankruptcy was reopened, another motion had to be filed. I asked Mr. Weber to do all of that and anything else necessary to stop this creditor from coming after me. I continue to be very worried for me and my family over all of this and I am hoping that the Bankruptcy Court will assist me in this regard and stop ONEMAIN FINANCIAL once and for all.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 3rd day of December, 2015 at Carson, California.

see attached

Jaime Narito Biano

Mr. Weber's letter was sent. So I thought for some reason that even though they had received Mr. Weber's letter, and all of the other notices in the bankruptcy case, that they did not have to honor the bankruptcy for some reason, that I still owed them and that they were wanting me to pay. The notice discussed "flexible payment options" and that they wanted me to call them or stop by their office "today". This made me think I had to do something right away or there would be adverse consequences. I was really scared and afraid that if I did not pay them, they would take me to Court and try to garnish my wages or take other action against me. I thought that since Mr. Weber had sent the letter and that they still sent this statement that for some reason I still had to pay them. The stress that I had felt before I filed for bankruptcy has returned and I am very worried that I filed bankruptcy for no reason, and that not only ONEMAIN FINANCIAL will come after me but other creditors too. Mr. Weber again assured that is not the case but that further action would have to be taken to stop them. I asked Mr. Weber to take whatever action is necessary. He explained to me that since the bankruptcy case was closed, that it first had to be reopened and that a motion had to be filed before anything could be done, and that once the bankruptcy was reopened, another motion had to be filed. I asked Mr. Weber to do all of that and anything else necessary to stop this creditor from coming after me. I continue to be very worried for me and my family over all of this and I am hoping that the Bankruptcy Court will assist me in this regard and stop ONEMAIN FINANCIAL once and for all.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23 day of December, 2015 at Carson, California.

Jaime Narito Blano

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

**VOLUNTARY PETITION**

| Debtor | Joint Debtor |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): Biano, Jaime Narito | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 1442 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 21740 Figueroa St. Apt 22 Carson, CA ZIP CODE 90745 | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: Los Angeles | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE

**Type of Debtor** (Form of Organization) (Check one box.)

- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Ex A

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X [signature] 6/19/15
Signature of Attorney for Debtor(s) (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

(Name of landlord that obtained judgment)

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Ex A

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):

**Signatures**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Debtor

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (if not represented by attorney)

Date 6/19/15

**Signature of Attorney***

X ______________________
Signature of Attorney for Debtor(s)
Edward T. Weber
Printed Name of Attorney for Debtor(s)
LAW OFFICES OF EDWARD T. WEBER
Firm Name
17155 Newhope Street, Suite H
Fountain Valley, CA 92708
Address
657-235-8359
Telephone Number
Date 6/19/15

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Authorized Individual

______________________
Printed Name of Authorized Individual

______________________
Title of Authorized Individual

______________________
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
(Signature of Foreign Representative)

______________________
(Printed Name of Foreign Representative)

______________________
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________
Address

X ______________________
Signature

______________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

Ex A

**UNITED STATES BANKRUPTCY COURT** **Central District Of California**

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on July 16, 2015.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.**
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors — Do not file this notice in connection with any proof of claim you submit to the court.**

## See Reverse Side For Important Explanations.

Debtor(s) (name(s) and address):
Jaime Narito Biano
21740 Figueroa Street
Apt 22
Carson, CA 90745

**Case Number:**
**2:15–bk–21225–RK**

| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names): | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN: |
|---|---|
| Debtor:<br>Joint Debtor: | Dbt SSN: xxx–xx–1442 |
| Attorney for Debtor(s) (name and address):<br>Edward T Weber<br>Law Offices of Edward T. Weber<br>17155 Newhope Street<br>Suite H<br>Fountain Valley, CA 92708<br>Telephone number: 657–235–8359 | Bankruptcy Trustee (name and address):<br>Howard M Ehrenberg (TR)<br>SulmeyerKupetz<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071<br>Telephone number: (213) 626–2311 |

## Meeting of Creditors:

Date: **August 19, 2015** Time: **10:00 AM**
Location: **915 Wilshire Blvd., 10th Floor, Meeting Room 2, Los Angeles, CA 90017**

## Presumption of Abuse under 11 U.S.C. § 707(b)

See *"Presumption of Abuse"* on the reverse side
The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: October 19, 2015**
**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.**

## Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Telephone number: 855–460–9641 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kathleen J. Campbell |
|---|---|
| Hours Open: 9:00 AM – 4:00 PM | Date: July 20, 2015 |
| **(Form rev. 12/13 341–B9A)** | |

Ex B

EXPLANATIONS B9A (Official Form 9A) (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. *The trustee is designated to preside at the meeting of creditors. The case is covered by the Chapter 7 blanket bond on file with the Court.* |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. ***Do not include this notice with any filing you make with the court.*** |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint or a motion if you assert the discharge should be denied under § 727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial Section 341(a) meeting of creditors and any continuance thereof, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the Court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.<br>**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017. |

**— Refer to Other Side for Important Deadlines and Notices —**



United States Bankruptcy Court
Central District of California

In re:
Jaime Narito Biano
Debtor

Case No. 15-21225-RK
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0973-2 User: bmerceneC Page 1 of 1 Date Rcvd: Jul 20, 2015
Form ID: b9a Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 22, 2015.

db +Jaime Narito Biano, 21740 Figueroa Street, Apt 22, Carson, CA 90745-7019
smg Los Angeles City Clerk, P.O. Box 53200, Los Angeles, CA 90053-0200
36443957 Best Buy Credit Services, PO Box 688910, Des Moines, IA 50368-8910
36443946 +Edward T. Weber, Law Offices of Edward T. Weber, 17155 Newhope Street, Suite H, Fountain Valley, CA 92708-4232
36443956 +FMA Alliance LTD, PO Box 65, Houston, TX 77001-0065
36443955 +OneMain Financial, 21115 Hawthorne Blvd., Torrance, CA 90503-4615
36443959 Suttell Hammer & White, PO Box C-90006, Bellevue, WA 98009

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

aty E-mail/Text: ed@eweberlegal.com Jul 21 2015 04:47:26 Edward T Weber, Law Offices of Edward T. Weber, 17155 Newhope Street, Suite H, Fountain Valley, CA 92708
tr +EDI: BHMEHRENBERG.COM Jul 21 2015 04:38:00 Howard M Ehrenberg (TR), SulmeyerKupetz, 333 South Hope Street, 35th Floor, Los Angeles, CA 90071-1406
smg EDI: EDD.COM Jul 21 2015 04:43:00 Employment Development Dept., Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001
smg EDI: CALTAX.COM Jul 21 2015 04:38:00 Franchise Tax Board, Bankruptcy Section MS: A-340, P.O. Box 2952, Sacramento, CA 95812-2952
36443949 +EDI: CAPITALONE.COM Jul 21 2015 04:38:00 Capital One Bank (USA), PO Box 60599, City of Industry, CA 91716-0599
36443958 EDI: DISCOVER.COM Jul 21 2015 04:38:00 Discover, PO Box 29033, Phoenix, AZ 85038-9033
36443950 +EDI: MID8.COM Jul 21 2015 04:38:00 Midland Credit Management, 8875 Aero Drive, Suite 200, San Diego, CA 92123-2255
36443947 +E-mail/Text: USTPregion16.LA.ECF@USDOJ.GOV Jul 21 2015 04:47:47 Office of The United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017-3560
36443954 EDI: AGFINANCE.COM Jul 21 2015 04:38:00 Springleaf Financial Services, PO Box 3251, Evansville, IN 47731-3251
36443951 +EDI: SEARS.COM Jul 21 2015 04:38:00 Sears Credit Cards, PO Box 688956, Des Moines, IA 50368-8956
36443953 +E-mail/Text: bankruptcy@sw-credit.com Jul 21 2015 04:47:59 Southwest Credit Systems, 4120 International Pkwy, Ste 1100, Carrollton, TX 75007-1958
36443948 EDI: TFSR.COM Jul 21 2015 04:38:00 Toyota Financial Services, PO Box 5855, Carol Stream, IL 60197-5855
36443952 EDI: RMSC.COM Jul 21 2015 04:38:00 Walmart Mastercard/SYNCB, PO Box 960024, Orlando. FL 32896-0024

TOTAL: 13

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

36443945* +Jaime Narito Biano, 21740 Figueroa Street, Apt 22, Carson, CA 90745-7019

TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 22, 2015 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 16, 2015 at the address(es) listed below:

Edward T Weber on behalf of Debtor Jaime Narito Biano ed@eweberlegal.com
Howard M Ehrenberg (TR) ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

TOTAL: 3



B18 (Official Form 18)(12/11)

# United States Bankruptcy Court
# Central District of California

255 East Temple Street, Los Angeles, CA 90012

## DISCHARGE OF DEBTOR

**DEBTOR INFORMATION:**
Jaime Narito Biano

**BANKRUPTCY NO.** 2:15-bk-21225-RK

**CHAPTER** 7

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-1442
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Discharge Date:** 10/26/15

**Address:**
21740 Figueroa Street
Apt 22
Carson, CA 90745

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). SEE THE BACK OF THIS ORDER FOR EXCEPTIONS AND OTHER IMPORTANT INFORMATION.

BY THE COURT,

Dated: October 26, 2015

**Kathleen J. Campbell**
Clerk of the Court

** Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social-security numbers or individual taxpayer-identification numbers.*

(Form b18-DIS Rev. 12/2011) VAN-30

9 / AUT

Ex C

**EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 7 CASE**

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes;
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court, under section 523 of the Bankruptcy Code or other applicable law, specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

United States Bankruptcy Court
Central District of California

In re:
Jaime Narito Biano
Debtor

Case No. 15-21225-RK
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0973-2 User: admin Page 1 of 1 Date Rcvd: Oct 26, 2015
Form ID: b18 Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 28, 2015.

db +Jaime Narito Biano, 21740 Figueroa Street, Apt 22, Carson, CA 90745-7019
smg Los Angeles City Clerk, P.O. Box 53200, Los Angeles, CA 90053-0200
36443957 #Best Buy Credit Services, PO Box 688910, Des Moines, IA 50368-8910
36443946 +Edward T. Weber, Law Offices of Edward T. Weber, 17155 Newhope Street, Suite H, Fountain Valley, CA 92708-4232
36443956 +FMA Alliance LTD, PO Box 65, Houston, TX 77001-0065
36443955 +OneMain Financial, 21115 Hawthorne Blvd., Torrance, CA 90503-4615
36443959 Suttell Hammer & White, PO Box C-90006, Bellevue, WA 98009

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

tr +EDI: BHMEHRENBERG.COM Oct 27 2015 02:23:00 Howard M Ehrenberg (TR), SulmeyerKupetz, 333 South Hope Street, 35th Floor, Los Angeles, CA 90071-1406
smg EDI: EDD.COM Oct 27 2015 02:18:00 Employment Development Dept., Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001
smg EDI: CALTAX.COM Oct 27 2015 02:23:00 Franchise Tax Board, Bankruptcy Section MS: A-340, P.O. Box 2952, Sacramento, CA 95812-2952
36443949 +EDI: CAPITALONE.COM Oct 27 2015 02:18:00 Capital One Bank (USA), PO Box 60599, City of Industry, CA 91716-0599
36443958 EDI: DISCOVER.COM Oct 27 2015 02:18:00 Discover, PO Box 29033, Phoenix, AZ 85038-9033
36443950 +EDI: MID8.COM Oct 27 2015 02:23:00 Midland Credit Management, 8875 Aero Drive, Suite 200, San Diego, CA 92123-2255
36443947 +E-mail/Text: USTPregion16.LA.ECF@USDOJ.GOV Oct 27 2015 02:23:59 Office of The United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017-3560
36443954 EDI: AGFINANCE.COM Oct 27 2015 02:18:00 Springleaf Financial Services, PO Box 3251, Evansville, IN 47731-3251
36443951 +EDI: SEARS.COM Oct 27 2015 02:18:00 Sears Credit Cards, PO Box 688956, Des Moines, IA 50368-8956
36443953 +E-mail/Text: bankruptcy@sw-credit.com Oct 27 2015 02:24:12 Southwest Credit Systems, 4120 International Pkwy, Ste 1100, Carrollton, TX 75007-1958
36443948 EDI: TFSR.COM Oct 27 2015 02:18:00 Toyota Financial Services, PO Box 5855, Carol Stream, IL 60197-5855
36443952 EDI: RMSC.COM Oct 27 2015 02:18:00 Walmart Mastercard/SYNCB, PO Box 960024, Orlando. FL 32896-0024

TOTAL: 12

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

36443945* +Jaime Narito Biano, 21740 Figueroa Street, Apt 22, Carson, CA 90745-7019

TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 28, 2015 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2015 at the address(es) listed below:

Edward T Weber on behalf of Debtor Jaime Narito Biano ed@eweberlegal.com
Howard M Ehrenberg (TR) ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

TOTAL: 3



OneMain Financial
P. O. Box 70911
Charlotte, NC 28272

November 2, 2015

0-769-07547-0000373-001-02-000-000-000-000
JAIME BIANO
21740 FIGUEROA ST APT 22
CARSON CA 90745-7019

Account: XXXXXXXXX5193
Balance: $4,961.22
Past Due: $1,449.41

Dear JAIME BIANO:

Your account is seriously delinquent. The amount past due is shown above. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

We offer a number of payments solutions for our customers who are experiencing financial difficulty. We encourage you to call us at the number shown below to explore whether you may be eligible for one of these arrangements. The first step to potential resolution is open dialogue.

We encourage you to take the first step and call today.

OneMain Financial
888-473-5541

Hours are as follows: Mon-Fri 8am to 9pm ET,
Sat 8am to 5pm ET,
Sun 2pm to 6pm ET

*Visit our website at www.OneMainFinancial.com where you can manage your account and make payments online.*

**Note this is not a payoff balance**

This is an attempt to collect a debt and any information obtained will be used for that purpose.

TTY Services available: Dial 711 from the United States; Dial 1-866-280-2050 from Puerto Rico

Calls are randomly monitored and recorded to ensure quality service.

If an attorney represents you, please refer this letter to such attorney and provide us with such attorney's name, address and telephone number.

To the extent your obligation has been discharged, dismissed, or is subject to an automatic stay of bankruptcy order under Title 11 of the United States Code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect any such obligation.

Information for Massachusetts Residents:
MASSACHUSETTS NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

---

To ensure proper crediting of your payment, please enclose this portion of the letter with your check or money order made payable to OneMain Financial. Mail your payment to:

OneMain Financial
P.O. Box 70911
Charlotte, NC 28272

Customer Name JAIME BIANO
Account: XXXXXXXXX5193
Amount Enclosed: $________

CRBL03I

LAW OFFICES OF
**EDWARD T. WEBER**
www.eweberlegal.com

**Orange County**
17155 Newhope Street, Suite H
Fountain Valley, California 92708
Phone: 657-235-8359

**Inland Empire**
11801 Pierce Street, Suite 200
Riverside, California 92505
Phone: 951-323-5809

**Reply to:**
Orange County

---

November 16, 2015

OneMain Financial
P.O. Box 70911
Charlotte, NC 28272
Via Fax to: 866-283-0356

OneMain Financial
21115 Hawthorne Blvd.
Torrance, CA 90501
Via Fax to: 310-543-9649

**RE: Jaime Biano**
**SS# Reference: xxx-xx-1442**
**Your Acct #: XXXXXXXXX5193**
**BK Case Number: 2:15-bk-21225-RK**

Dear Sir/Madam:

Please be advised that this firm represents Jaime Biano regarding the above-referenced account. On July 15, 2015 our client filed a Chapter 7 Bankruptcy Petition. A Discharge was entered on October 26, 2015. Attached is a copy of the Discharge for your records as well as a copy of the Court docket for reference.

OneMain Financial was listed on Schedule F and on the Master Mailing List in the bankruptcy case. Copies of the schedule and mailing list are attached. Therefore, OneMain Financial would have received prior notice of the bankruptcy from the Court, and a copy of the Discharge.

A letter from OneMain Financial dated November 2, 2015 is also attached hereto. This letter was received in the mail by my client and violates the Discharge. The Discharge is a permanent injunction requiring all creditors, including OneMain Financial to cease and desist from collecting any pre-petition debt. The debt referred to in the letter was incurred before the bankruptcy petition was filed and the same exact amount demanded is what was listed in the schedules.



Accordingly, the letter of November 2, 2015 is considered a willful violation of the Bankruptcy Discharge. It is also a violation of Federal and State laws concerning the Fair Debt Collection Practices Act. You may not attempt to collect a debt that you have no legal right to collect. Since the filing of the bankruptcy case and the entry of the Discharge, OneMain Financial has no legal right to attempt to collect this debt. The letter contains a clear statement that it is "an attempt to collect a debt". According to applicable Federal and State laws, including but not limited to, the Bankruptcy Code, and the California Rosenthal Fair Debt Collection Practices Act, this violation entitles my client to certain damages. I am recommending that an action be filed in the Bankruptcy Court for these damages in the amount of at least $7,500.00 plus attorney's fees and costs. However, if my client was to receive $2,500.00 as settlement in full of these claims, he would be willing to resolve the matter now for that amount. Demand is hereby made for payment of $2,500.00. If this amount is not paid within 10 days, then I will advise my client to proceed with Court action.

Thank you for your attention to this most important matter.

Very truly yours,

Edward T. Weber, Esq.

Ex E

Desc

| Address | Start Time | Pages | Status |
| --- | --- | --- | --- |
| 13105439649 | 17:07 11/16 | 009/009 | Send OK |
| 18662830356 | 17:04 11/16 | 009/009 | Send OK |
| 13104722344 | 16:26 11/13 | 001/001 | Send OK |
| 13105761399 | 15:03 11/13 | 032/032 | Send OK |

Print

Ex E

15

OneMain Financial
P. O. Box 70911
Charlotte, NC 28272
T 888-468-8774
F 866-240-6843

**Welcome to OneMain Financial.**

November 13, 2015

3-768-07617-0000367-001-02-000-000-000-000
JAIME BIANO
21740 FIGUEROA ST APT 22
CARSON CA 90745-7019

Current Account Number:
XXXXXXXXX5193

Dear JAIME BIANO:

Earlier this month, we sent you a letter explaining the importance of making satisfactory payment arrangements regarding your account. Your account is seriously delinquent. Please make a payment to y to avoid having your account become further past due.

If your are unable to make a payment at this time, please call us today. We offer a number of payment solutions for customers who are experiencing financial difficulty and we encourage you to call us to determine if you may be eligible for one of these solutions.

We've been able to help other OneMain Financial customers and we would like to help you, too. Please ll us today at the toll-free number listed below.

OneMain Financial
888-468-8774

Hours are as follows: Mon-Fri 8am to 9pm ET,
Sat 8am to 5pm ET,
Sun 2pm to 6pm ET

*Visit our website at www.OneMainFinancial.com where you can manage your account and make paym s online.*

TTY Services available: Dial 711 from the United States; Dial 1-866-280-2050 from Puerto Rico

*Calls are randomly monitored and recorded to ensure quality service.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

If an attorney represents you, please refer this letter to such attorney and provide us with such attorney's name, address, and telephone number.

**To the extent your obligation has been discharged, dismissed, or is subject to an automatic sta f bankruptcy order Title 11 of the United States Code, this notice is for compliance and informatio purposes only And does not constitute a demand for payment or an attempt to collect any such obligation.**

MASSACHUSETTS NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL : VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

To serve you better, have your account number when you call.

Ex F



| Loan Payment | +$ | 205.63 | Due Date | | 12/13/2015 | *Not a payoff balance: |
| Past Due Loan Amount | +$ | 1,735.04 | Current Balance* | $ | 4,961.22 | call us for details. |
| Total Payment Due | $ | 1,940.67 | Prior Balance | $ | 4,961.22 | |

Date: 12/13/15

| Amount Due | As of | Description | Amount | Applied to Late Fees / Other | Applied to Interest | Applied to Principal |
|---|---|---|---|---|---|---|
| 1,940.67 | 11/23/15 | **** No Activity **** | | | | |

Your inch
OneM inancials
PO B
CHAR NC 202/2
(888) 1286
OneM Financial.com

Did ou Know...

# Get On Track

We can help you get your **overdue** account back on track today!



**OneMain Financial**

Your needs. Your goals. Your dreams.*

At OneMain Financial®, we have flexible payment options that can be personalized to fit your budget and solutions that make achieving your financial goals easier. Ask us how we can find the right solution for you.

*Don't wait—give us a call or stop by today!*

OneMainFinancial.com

**N     ces and Disclosures...**

Only   
corre   nents on your OneMain Financial account should be sent to the P.O. Box address shown on the remittance coupon. Do not send correspondence to this address. For  
Disp   idance, please contact us at the number shown on the front of the statement, or you may send correspondence to the following addresses as applicable: Credit Bureau  
5711   OneMain Financial, Credit Bureau Corrections Dept., 6801 Colwell Blvd., Irving, TX 75039; Bankruptcy: OneMain Financial, Bankruptcy Dept., P.O. Box 6042, Sioux Falls, SD  
       42.

In N   aMain Financial Group, LLC

**One** ain.
Financ
P O BOX 7091
CHARLOTTE N     272

Address Serv   Requested

SUSOMENP 00097112
2015328

ACCOUNT NUMBER: [redacted]193

Please mail this coupon with your payment.

Indicate address corrections on the reverse side.

| | | |
|---|---|---|
| Total Payment Due | $ | 1,940.67 |
| Payment Due Date | | 12/13/15 |
| Late Charges Due On 12/24/15 | $ | 10.00 |



0009     1   G4905333 DTF 00017112

JAIME   ITO BIANO
21740   ERGA ST
APT 2
CARS     A 90745-7019

ONEMAIN FINANCIAL
PO BOX 183172
COLUMBUS OH 43218-3172



Ex G

Español | Sign On | Contact Us | Find a Branch | Help | Search our site

Loans Articles & Tools In Your Community About Us APPLY NOW

How to Apply
Visit a branch
Call 877-540-6246
Apply online
Apply Now

Our Focus Is on You

Feedback

## Your Moment of Yes

We're here to help provide personalized loan solutions. It starts with the moment of yes, the moment your personal loan is approved. It's the moment you're confident and in control, ready to move forward. Watch what a moment of yes means to us.

OneMain Financial An

» View Moment of Yes Testimonials

## In Your Community

We're not just in your neighborhood; we're part of your community. Our employees support the communities where they live and work - from offering personalized loan options to organizing outreach programs for local causes. We take pride in the relationships we've built with our customers and we are on Facebook.com/OneMainFinancial to share useful information and listen to your stories.

» Learn More

Online Account Management
Pay Online
Check account information
Free & Secure
Register

## Our History

With roots in lending that date back to 1912, we have been helping people achieve their goals and dreams for generations. With branches nationwide, we are part of the communities in which we serve.

» Learn About Our History

## OneMain Financial Racing

OneMain Racing and Elliott Sadler will again team up for the 2015 season. Look for us on the track at NASCAR Xfinity Series events. Follow OneMain Racing on Twitter for all the latest racing info.

» Visit OneMainRacing.com

*"The staff are very friendly and polite. They care about the customers and give each person special treatment."*

Affiliate Program Careers Hardship Assistance Program Site Map

State Licensing Privacy and Security Terms and Conditions

Loan offers are subject to credit approval and other restrictions and requirements may apply.

Ex H



Our History | OneMain Financial Page 1 of 1
Main Document Page 32 of 43

Español | Sign On | Contact Us | Find a Branch | Help | Search our site

Loans Articles & Tools In Your Community About Us APPLY NOW

**Don't Miss Out!**

Sign up to get all the latest news from OneMain Financial direct to your inbox.

- Receive tips and expert information on financial topics
- Get the inside scoop on community events and special promotions
- Be informed about new products, services and features

Sign Up Now

# Our History

**OneMain Financial**

Since 1912, OneMain Financial has been helping people realize their financial goals and dreams. With branches nationwide, we are part of the communities in which we serve. Our branches are staffed with friendly, knowledgeable loan specialists who live and work right in your neighborhood. They understand your needs and are available to meet with you one-on-one to discuss your loan options. See our visual timeline on Facebook.

**A Pioneering Beginning**

Founded by Alexander Duncan as Commercial Credit in 1912, our company was a pioneer in the consumer finance industry. In 1916, we offered an installment loan program to help people purchase what was then an exciting new invention - the automobile. That led to the development of installment buying plans for home appliances and other consumer goods.

**Growing With America**

Over the next few decades, we opened hundreds of branches across the United States and added products to meet the needs of our growing base of customers. In 1944, we organized a credit insurance unit, now known as OneMain Solutions. Fifty years later, our family of companies included Primerica Financial Services (life insurance), Smith Barney (investments), and the Travelers companies (life, annuity and property/casualty insurance).

**Becoming CitiFinancial**

By 1998, and now known as Travelers Group, our parent company merged with Citicorp to create Citigroup, a global financial services company serving 20 million customers worldwide. In 1999, Commercial Credit, having grown to 1,200 branches, changed its name to CitiFinancial.

A year later, we acquired The Associates, also a nationwide consumer finance company. Washington Mutual Financial became part of the CitiFinancial family in 2004, capping our U.S. expansion to 2,000 branches in 48 states.

**A New Name. Same Dedicated People.**

In 2011, CitiFinancial became OneMain Financial. We changed our name to distinguish ourselves with an identity that better fits who we are and what we do. Today, more than one million people count on OneMain Financial for the money they need, when they need it. We continue to provide personal loan solutions serviced locally at neighborhood branches. And, we proudly support local activities and events that bring communities together.

Find a Local Branch
State
Select
OR
ZIP Code
Locate

Feedback

Affiliate Program Careers Hardship Assistance Program Site Map

State Licensing Privacy and Security Terms and Conditions

Loan offers are subject to credit approval and other restrictions and requirements may apply.

I
Ex H

https://www.onemainfinancial.com/USCFA/CFA/portal/SubPage.do?content_id=our_hist... 12/22/2015



Please **create an account** to get instant access to reviews, salaries and interviews.

OneMain Financial

# OneMain Financial (formerly CitiFinancial)

Overview | 214 Reviews | 342 Salaries | 63 Interviews | 27 Benefits | -- Jobs

## OneMain Financial (formerly CitiFinancial) Overview

Unlock Profile

| | | | |
|---|---|---|---|
| **Website** | www.onemainfinancial.com | **Headquarters** | Baltimore, MD |
| **Size** | 201 to 500 Employees | **Founded** | 1954 |
| **Type** | Subsidiary or Business Segment | **Industry** | Finance |
| **Revenue** | Unknown / Non-Applicable per year | **Competitors** | Capital One, Bank of America, Wells Fargo |

Whether you're citified or countrified, OneMain Financial wants to help you build that deck or fix your old clunker. The consumer finance company offers secured and unsecured personal loans for debt consolidation, home improvements, vacations, and unexpected ... Read more

## OneMain Financial (formerly CitiFinancial) Reviews

See All

2.8

Rating Trends

41% Recommend to a friend

63% Approve of CEO

Mary McDowell
93 Ratings

Nov 28, 2015

### "I do not recommend "

Former Employee - Anonymous Employee

Doesn't Recommend Negative Outlook CEO

I worked at OneMain Financial (formerly CitiFinancial) full-time

**Pros**
I have nothing positive to say.

**Cons**
Terrible place to work. You get punished with late hours and mandatory overtime because people do not pay their bills on time. I had accumulated almost a $600 bonus from new loan sales that was taken away because the delinquent accounts on my list did not pay. Scam.

**Advice to Management**
We shouldn't be punished with late hours and not getting our commissions because those you approve us to lend to end up not paying.

See All 214 Reviews

## OneMain Financial (formerly CitiFinancial) Interviews

See All

**Interview Experience**

| | |
|---|---|
| Positive | 60% |
| Neutral | 30% |
| Negative | 9% |

**Getting an Interview**

| | |
|---|---|
| Applied Online | 56% |
| Employee Referral | 15% |
| Other | 6% |

More

**Interview Difficulty**

2.6 Average

Hard / Average / Easy

**Work in HR or Recruiting?**
Get your free employer account

LendingTree Personal Loan
lendingtree.com/Personal-Loans
Pay off your Credit Card at a Lower Rate. As Much as $25K from 6.04%APR

Bad Credit & Need Cash?

HVAC School in Anaheim

Capital One® Credit Cards

## Jobs You May Like

- Sales Representative — Klingspor – Garden Grove, CA
- Program Manager — Phunware – Newport Beach, CA
- Inside Sales / Marketing Consultant — Kareo – Irvine, CA
- Seasonal Team Member — Target – Huntington Beach, CA
- Lyft Driver - Full time - Make your own hours — Lyft – Santa Ana, CA

## Companies to Explore

Work in HR or Recruiting?

EX I

Nov 19, 2015

### Internship Interview

Anonymous Interview Candidate in Baltimore, MD

Declined Offer Positive Experience Average Interview

**Application**
I applied through college or university. The process took 1 day. I interviewed at OneMain Financial (formerly CitiFinancial) (Baltimore, MD) in October 2015.

**Interview**
I had an interview with three people Human resources, director of finance and one other. I was first ask to tell a little bit about my self so I went through the based question they would ask on an interview. After they got a sense of who I was they got into more detail about what functions I know on excel, big data, and what I would look for in...

Show More

**Interview Questions**
What do you know about big data?
↳ 1 Answer

See All 63 Interviews

### OneMain Financial (formerly CitiFinancial) Awards & Accolades

Let us know if we're missing any workplace or industry recognition – Add Awards

### Work at OneMain Financial (formerly CitiFinancial)? Share Your Experiences

OneMain Financial

OneMain Financial (formerly CitiFinancial)
Click to Rate

Start your review...

or Add a Salary
Add Benefits
Add an Interview

### Latest News
See All

Citigroup Sells OneMain Financial — 30d+

Microlender MCB Capital is set to begin operations — 30d+

Source : Google

### Job Seekers Also Viewed

citi

Citi
4,433 Reviews

One Main Financial
20 Reviews

Springleaf Finance
249 Reviews

Bank of America
11,112 Reviews

### Related Job Search

Branch Account Manager jobs
Branch Account Manager salaries ($39k)

Senior Branch Account Executive jobs
Senior Branch Account Executive salaries ($34k)

Branch Manager Trainee jobs
Branch Manager Trainee salaries ($42k)

Sales jobs
Sales salaries ($61k)

Capital One 360
Open a 360 Checking® account.
• No fees
• No minimums
• Earns interest
360 Checking
LEARN MORE

Corley Plumbing Air Electric – Air Force Acad,

2016 CHEVROLET TRAVERSE
CONNECT UP TO SEVEN DEVICES WITH AVAILABLE BUILT-IN 4G LTE Wi-Fi.
Explore Traverse
CHEVROLET

e Technician
ing Air Electric – United States Air Force Acad, CO

Work in HR or Recruiting?

Ex I

Glassdoor gives you an inside look at what it's like to work at OneMain Financial (formerly CitiFinancial), including salaries, reviews, office photos, and more. This is the OneMain Financial (formerly CitiFinancial) company profile. All content is posted anonymously by employees working at OneMain Financial (formerly CitiFinancial). Follow View All Jobs

Glassdoor
About Us
Careers
Blog
Research

Employers
Talent Solutions
Employer Center
Post a Job

Community
Help Center
Guidelines
Terms of Use
Privacy & Cookies

Work With Us
Job Boards
Advertisers
Developers

United States

Salaries by Job Salaries by Company Salaries by City Reviews by Company Interview Questions by Job Interviews by Company Benefits by Company Jobs by Title Jobs by Company Jobs by City

Copyright © 2008–2015, Glassdoor. Glassdoor ® is a registered trademark of Glassdoor, Inc.

Work in HR or Recruiting?





Ex J

# Springleaf Announces Acquisition of OneMain Financial

## Investor Presentation

March 3, 2015

Springleaf Financial

OneMain Financial



# Important Information

*The following pages are part of a presentation by Springleaf Holdings, Inc. (the "Company") in connection with reporting a proposed acquisition and are intended to be viewed as part of that presentation. No representation is made that the information in these pages is complete. For additional financial, statistical and business related information, as well as information regarding business and segment trends, see the earnings release and financial supplement included as exhibits to the Company's Current Report on Form 8-K, which was filed on November 14, 2014 and the Company's 2013 Annual Report on Form 10-K, which was filed on April 15, 2014 with the Securities and Exchange Commission and are available on the Company's website (www.springleaf.com) and the SEC's website (www.sec.gov).*

***Forward Looking Statements***

*This presentation contains "forward-looking statements" within the meaning of the U.S. federal securities laws. Forward-looking statements include, without limitation, statements concerning the proposed acquisition of OneMain Financial Holdings and the timing of the closing thereof, the accretive nature of the transaction and the amount of the expected accretion, the expectations and timing of the integration plan, including the anticipated one-time integration costs and the use of the OneMain brand and the closing of Springleaf branches. These statements are based on the current expectations and beliefs of management and are subject to a number of trends and uncertainties that could cause actual results to differ materially from those described in the forward-looking statements, many of which are beyond our control. The consummation of the proposed acquisition of OneMain Financial Holdings is subject to customary closing conditions and regulatory approvals some of which are beyond our control. Accordingly, no assurance can be given that the acquisition will be completed on the contemplated terms or at all and you should not place undue reliance on any forward-looking statements contained in this press release. Statements preceded by, followed by or that otherwise include the words "anticipate," "appears," "believe," "foresee," "intend," "should," "expect," "estimate," "project," "plan," "may," "could," "will," "are likely" and similar expressions are intended to identify forward-looking statements. These statements involve predictions of our future financial condition, performance, plans and strategies, and are thus dependent on a number of factors including, without limitation, assumptions and data that may be imprecise or incorrect. Specific factors that may impact performance or other predictions of future actions include, but are not limited to: various risks relating to the proposed acquisition, including in respect of the satisfaction of closing conditions to the acquisition without conditions or requirements that are materially adverse to the business, financial condition or results of operations of the combined company; unanticipated difficulties financing the purchase price; unanticipated expenditures relating to the acquisition; uncertainties as to the timing of the acquisition; litigation relating to the acquisition; the impact of the acquisition on each company's relationships with employees and third parties; the inability to obtain, or delays in obtaining, cost savings and synergies from the acquisition; changes in general economic conditions, including the interest rate environment and the financial markets; levels of unemployment and personal bankruptcies; shifts in residential real estate values; shifts in collateral values, delinquencies, or credit losses; natural or accidental events such as earthquakes, hurricanes, tornadoes, fires, or floods; war, acts of terrorism, riots, civil disruption, pandemics, or other events disrupting business or commerce; the effectiveness of our credit risk scoring models; changes in our ability to attract and retain employees or key executives; changes in the competitive environment in which we operate; changes in federal, state and local laws, regulations, or regulatory policies and practices; potential liability relating to real estate and personal loans which we have sold or may sell in the future, or relating to securitized loans; the costs and effects of any litigation or governmental inquiries or investigations; our continued ability to access the capital markets or the sufficiency of our current sources of funds to satisfy our cash flow requirements; our ability to generate sufficient cash to service all of our indebtedness; the potential for downgrade of our debt by rating agencies; and other risks described in the "Risk Factors" section of the Company's Form 2013 10-K filed with the SEC on April 15, 2014. Forward-looking statements involve known and unknown risks, uncertainties and other factors which may cause the actual results, performance or achievements of the Company to be materially different from any future results, performance or achievements expressed or implied by such forward-looking statements. We caution you not to place undue reliance on these forward-looking statements that speak only as of the date they were made. We do not undertake any obligation to publicly release any revisions to these forward-looking statements to reflect events or circumstances after the date of this presentation or to reflect the occurrence of unanticipated events. You should not rely on forward looking statements as the sole basis upon which to make any investment decision.*

***Non-GAAP Financial Measures***

*We present core earnings as a "non-GAAP financial measure" in this presentation. This measure is derived on the basis of methodologies other than in accordance with accounting principles generally accepted in the United States of America ("GAAP"). Please refer to the Reconciliation at the end of this presentation for a quantitative reconciliation from historical pretax income (loss) to pretax core earnings.*



# A Compelling Strategic Opportunity

***Springleaf Financial announces a definitive agreement to acquire OneMain Financial from Citi in a $12.0 billion transaction***

- **Springleaf to acquire 100% of OneMain equity for $4.25 billion in cash**
  - Transaction fully funded with cash and available Springleaf lines
- **New company to be called OneMain Financial**
- **Key Strategic Rationale:**
  - **Creation of the premier personal finance company**
    - ~2.5 million customers; originated 1.6 million loans in 2014
    - Nearly $14.0 billion in personal loan receivables across 2,000 branches in 43 states
  - **88% of U.S. population lives within 25 miles of a "new" OneMain branch**
  - **Highly profitable business driven by strong market leading return on assets**
- **Creates immediate and long-term value for shareholders**



# Transaction Summary

**Purchase Price**
- $4.25 billion

**Consideration**
- 100% cash

**Valuation**
- Valuation represents a multiple of 7.7x, before cost savings[1]

**Financing**
- Transaction fully funded with cash ($3.3 billion) and Springleaf lines ($1.0 billion)

**Synergies**
- Estimated run-rate cost savings of ~$300 million; expected to be fully phased-in for 2017
- One-time implementation costs estimated at $250 million

**Approvals**
- Approved by both Springleaf and Citigroup boards
- No Springleaf or Citigroup shareholder approval necessary
- Subject to customary closing conditions and regulatory approvals

**Expected Closing**
- Third quarter of 2015

*(1) Based on OneMain annualized 3Q14 year-to-date earnings.*



Ex J

# Significant Market Opportunity

- Market is huge and fragmented; consumer borrowing needs continue to grow
- Americans disenfranchised by traditional lenders
- 200+ year combined history built on personal and local service with timely decisioning

## Our Customer's Borrowing Needs

*$3.2 trillion Consumer Finance Industry*[1]

Auto Loans
29%
Credit Cards
25%
Personal
and Other
12%
Student
Loans
34%

## Our Target Customer Base: 500 – 750

*U.S. FICO Score Distribution*[2]

300-499
5%
500-549
8%
550-599
10%
600-649
10%
650-699
13%
700-749
16%
750-799
18%
800-850
20%

(1) *Source: Federal Reserve Bank of New York; Federal Student Aid/U.S. Department of Education. As of September 30, 2014.*

(2) *Source: FICO™ Banking Analytics Blog. Fair Isaac Corporation. As of October 31, 2014.*

Main Document Page 41 of 43

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
17155 Newhope Street, Suite H, Fountain Valley, California 92708

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR CONTEMPT OF DISCHARGE INJUNCTION; DECLARATIONS IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/29/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard M Ehrenberg (TR) ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com; hehrenberg@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Edward T Weber ed@eweberlegal.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 12/29/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/29/2015 | Myla A. Perez | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ATTACHMENT TO PROOF OF SERVICE – BY MAIL**

**Biano – 2:15-bk-21225-RK**

The Hon. Robert N. Kwan
Judge of the United States Bankruptcy Court
Courtesy Copies
255 East Temple Street, Suite 1682
Los Angeles, CA 90012

OneMain Financial Customer Care
NTGS-2320
6801 Colwell Blvd.
Irving, TX 75039

OneMain Financial Group, LLC
100 International Drive 18th Floor
Baltimore, MD 21202

OneMain Financial Group, LLC
c/o CT Corporation System, Registered Agent for Service of Process
in California pursuant to records of California Secretary of California
818 West 7th Street, Suite 930
Los Angeles, CA 90017

OneMain Financial
Corporate Headquarters
300 St. Paul Place
Baltimore, MD 21202
Attention: Micah Conrad, Chief Financial Officer

OneMain Financial
Corporate Headquarters
300 St. Paul Place
Baltimore, MD 21202
Attention: Mary McDowell, President, CEO, Director

OneMain Financial
Corporate Headquarters
300 St. Paul Place
Baltimore, MD 21202
Attention: John Schachtel, Chief Operating Officer


OneMain Financial
Corporate Headquarters
300 St. Paul Place
Baltimore, MD 21202
Attention: Sean Bennett, Chief Strategy Officer


OneMain Financial
PO Box 70911
Charlotte, NC 28272
(location that sent notices and statements)


One MainFinancial
21115 Hawthorne Blvd.
Torrance, CA 90501
(local office where Debtor did business with Creditor)