Edward T. Weber, Esq. #194963
Kristi M. Wells, Esq. #276865
**LAW OFFICES OF EDWARD T. WEBER**
17155 Newhope Street, Suite H
Fountain Valley, California 92708
Telephone: 657-235-8359
Facsimile: 714-459-7853
ed@eweberlegal.com

Attorney for Debtor and Movant
JAIME NARITO BIANO

FILED & ENTERED

JAN 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

CHANGES MADE BY COURT

<u>ORDER NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JAIME NARITO BIANO,<br><br>      Debtor. | Case No.: 2:15-bk-21225-RK<br><br>Chapter 7<br><br>**ORDER ON DEBTOR'S MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT AND ON MOTION FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION**<br><br>Date:  February 23, 2016<br>Time: 2:30 p.m.<br>Place: Courtroom 1675 |

    Pending before the court are: Debtor's "Motion for Issuance of Order to Show Cause re: Contempt Why ONEMAIN FINANCIAL Should Not Be Held in Contempt for Violation of Discharge Injunction [L.B.R. 9020-1]" [ECF 17] and "Notice of Motion and Motion for Contempt for Violation of Discharge Injunction; Declarations In Support Thereof" (the "Substantive Motion") [ECF 16] against ONEMAIN FINANCIAL.

1  The Substantive Motion alleges that ONEMAIN FINANCIAL sent correspondence to Debtor on three (3) separate occasions following the granting of Debtor's discharge in this case, and following separate written notice by Debtor's counsel regarding said violations.  The Substantive Motion alleges that ONEMAIN FINANCIAL had actual notice of the initial bankruptcy filing and of the automatic stay as well as the Discharge Order, prior to sending the written notices to Debtor, but did so anyway.  The Substantive Motion further alleges that the actions of ONEMAIN FINANCIAL were willful and malicious and with intent to circumvent and violate the Discharge Injunction.  The Discharge Order in this case was entered on October 26, 2015.  ECF 9.  The Substantive Motion alleges that correspondence sent by ONEMAIN FINANCIAL and received by Debtor was dated November 2, 2015, November 13, 2015, and December 13, 2015.  The Substantive Motion also alleges that legal action was necessary in order to prevent ONEMAIN FINANCIAL from further attempting to collect a debt subject to the Discharge and that Debtor has been harmed and damaged, including damages for emotional distress and attorney's fees and costs.

The court has reviewed both motions and is not satisfied that Debtor has made a prima facie case to warrant issuance of an order to show cause pursuant to Local Bankruptcy Rule 9020-1 on grounds that there is insufficient evidence of proper notice of the Discharge Order on Creditor ONEMAIN FINANCIAL ("Creditor").  The Substantive Motion alleges that Creditor had notice of the Discharge Order entered on October 26, 2015 though service of the Discharge Order by the Bankruptcy Noticing Center by first class mail to Creditor at the address of 21115 Hawthorne Blvd., Torrance, CA  90503-4615, and by a letter of counsel dated November 16, 2015 faxed to Creditor at 866-283-0356 and 310-543-9649 and that nevertheless, Creditor continued to send demands to Debtor to pay discharged prepetition debts after such notice.  However, the moving papers for both motions provided insufficient evidence that the purported service address and fax numbers properly relate to Creditor to constitute effective notice on it.  There is no corroborating evidence to support Debtor's statements that the address of 21115 Hawthorne Blvd., Torrance, CA 90503-4615, is a proper address for Creditor for noticing purposes, and the copies of the offending notices of Creditor attached to the moving papers do not list such address.  Absolutely no evidence

supports the use of the fax numbers of 866-283-0356 and 310-543-9649 as giving proper notice to Creditor as alleged in the moving papers. Thus, the court cannot find that Debtor has made a prima facie evidentiary showing by clear and convincing evidence that Creditor willfully disobeyed the Discharge Order based on being notified of such order and should be held in civil contempt to warrant issuance of the requested order to show cause or consider the Substantive Motion on the merits at this time.  *See, e.g., In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002)(citations omitted).

Accordingly, the court DENIES WITHOUT PREJUDICE Debtor's "Motion for Issuance of Order to Show Cause re: Contempt Why ONEMAIN FINANCIAL Should Not Be Held in Contempt for Violation of Discharge Injunction [L.B.R. 9020-1]" [ECF 17] and "Notice of Motion and Motion for Contempt for Violation of Discharge Injunction; Declarations In Support Thereof" (the "Substantive Motion") [ECF 16] against ONEMAIN FINANCIAL.   The noticed hearing on the Substantive Motion on February 23, 2016 at 2:30 p.m. is VACATED.

IT IS SO ORDERED.

###

Date: January 8, 2016

_____

Robert Kwan
United States Bankruptcy Judge